NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| FLORENTINO GUEVARA, | : | |
| | : | Civil Action No. 11-3736 (SRC) |
| Plaintiff, | : | |
| v. | : | OPINION |
| CLIENT SERVICES, INC., | : | |
| Defendant. | : | |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the motion by Defendant Client Services, Inc. ("Defendant") to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Florentino Guevara ("Plaintiff") did not oppose the motion. For the reasons that follow, the Court grants the motion, dismissing the Complaint in its entirety with prejudice.

BACKGROUND

This case originated with the filing of a Complaint by Plaintiff, alleging that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), codified at 15 U.S.C. § 1692 *et seq.*, by attempting to collect a debt from Plaintiff without furnishing an account number or proof of ownership of the debt. Plaintiff originally filed his Complaint in the Superior Court of New Jersey, Law Division, in Hudson County, on June 16, 2011. Defendant removed the action to the United States District Court for the District of New Jersey on June 29, 2011. Shortly thereafter, on August 11, 2011, Defendant filed the instant motion to dismiss Plaintiff's Complaint.

## STANDARD OF REVIEW

**A.     Motion To Dismiss Under Rule 12(b)(6)**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 127 S. Ct. at 1964 (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65 (internal citations omitted); *see also* FED. R. CIV. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (internal citations omitted). "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" *Kost v. Kozakewicz*, 1

F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* Civil 2d § 1357 at 340 (2d ed. 1990)).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not credit bald assertions or legal conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

In reviewing a motion to dismiss, pursuant to Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. *Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998); *see also* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*: Civil 3d § 1357 (3d ed. 2007). "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

The Supreme Court has characterized dismissal with prejudice as a "harsh remedy." *New York v. Hill*, 528 U.S. 110, 118 (2000). Dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). "When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## ANALYSIS

A.   **Defendant's Motion to Dismiss**

Defendant moves to dismiss Plaintiff's Complaint, arguing that Plaintiff's FDCPA claims are time-barred by the one-year statute of limitations, and that Plaintiff's Complaint fails to state

a valid claim for relief.

In brief, the Complaint alleges that Defendant sent Plaintiff an "initial contact" letter, dated April 14, 2010, seeking to collect a consumer debt from Plaintiff.  Defendant provided a generic reference number in the letter, but did not provide the original account number.

Plaintiff contends that Defendant's failure to include the account number in its letter of April 14, 2010 constitutes a deceptive attempt to collect on a debt, in violation of the FDCPA, Section 1692e.  Moreover, Plaintiff argues that the least sophisticated consumer would have been unaware of the intention of Defendant's letter, which fails to explain how Defendant acquired the debt at issue.  Plaintiff seeks actual damages, resulting from the harm to his credit score, from the stress and confusion caused by Defendant's deceptive practices, and from the "illegal charges" added to the original debt balance.  (Compl. ¶ 9(D).)  Moreover, Plaintiff seeks statutory damages, costs and attorney's fees.

The statute of limitations for claims brought under the FDCPA is one year, and begins to run from the date of the debt collector's last opportunity to comply with the Act.  15 U.S.C. § 1692k(d); *see Peterson v. Portfolio Recovery Assocs., LLC*, 2011 U.S. App. LEXIS 11453, *8 (3d Cir. June 6, 2011) (citing *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997) (quoting *Mattson v. U.S. West Commc'ns.*, 967 F.2d 259, 261 (8th Cir. 1992)).  Plaintiff alleges that Defendant's initial communication, dated April 14, 2010, violates the Act.  Thus, April 14, 2010 was the last opportunity for Defendant to comply with the Act, and the statute of limitations began to run from that date.  *Peterson*, 2011 U.S. App. LEXIS 11453 at *7 (noting that "[t]here can only be one 'initial communication' between a debt collector and a consumer...").  Plaintiff filed his Complaint in New Jersey Superior Court on June 16, 2011, more than one year after April 14, 2010.  Thus, Plaintiff's claim that Defendant's initial communication violates the

FDCPA is time-barred by the one-year statute of limitations set forth in Section 1692k(d).

Furthermore, Plaintiff has failed to state a plausible claim that Defendant's initial communication violates the FDCPA. *Twombly*, *supra*, 127 S. Ct. at 1974. Though Plaintiff alleges that Defendant's letter of April 14, 2010 violates Section 1692e of the FDCPA, which prohibits debt collectors from using "any false, deceptive or misleading representations in connection with the collection of any debt," the conduct Plaintiff complains of cannot be characterized as false or misleading. Plaintiff does not argue that Defendant was not in fact authorized to collect a debt from Plaintiff. Rather, Plaintiff alleges that Defendant's initial communication wrongfully failed to provide an account number associated with the debt, and failed to furnish an explanation of Defendant's relationship to the debt, omissions which would "mislead" the least sophisticated customer. Section 1692g(a) of the FDCPA governs the information which must be included in an initial letter (or a written notice sent within five days of the initial letter) from a debt collector to a consumer debtor:

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assigned to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Section 1692g(a) does not require a debt collector to furnish an account number to the debtor in the initial communication, or to furnish information regarding its relationship to the debt; rather, it requires statements alerting the debtor to his right to dispute the debt, and his right

to obtain further information. Defendant included these required statements in its letter to Plaintiff, and Plaintiff does not allege that he was unable to contact Defendant regarding the debt. Thus, the Court cannot find that Defendant's initial communication to Plaintiff would have been misleading to the least sophisticated customer.

Accordingly, Plaintiff's Complaint fails to state any valid claim for relief and is dismissed with prejudice.

## CONCLUSION

**For the reasons stated above, Defendant's motion to dismiss the Complaint is granted.  An appropriate form of Order will be filed together with this Opinion.**

    /s Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: October 26, 2011